**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christerphor Ziglar,<br><br>   Plaintiff,<br><br>v.<br><br>Jeff Scheaffer,<br><br>   Defendant. | No. CV-18-04896-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Jeff Scheaffer's motion to dismiss, which is fully briefed. (Docs. 14, 17, 18, 27, 28.) For the following reasons, the Court grants Mr. Sheaffer's motion.

**I. Background**

On January 30, 2016, Plaintiff filed a charge against PARC Dispensary with the Equal Employment Opportunity Commission ("EEOC"), alleging, *inter alia*, retaliation. (Doc. 1 at 7-25.) On September 26, 2018, the EEOC issued Plaintiff a notice of right to sue. (*Id.* at 27.) Plaintiff filed his complaint against "Jeff Sheaffer (PARC Dispensary)" in this Court on December 26, 2018, asserting that he was terminated in retaliation for reporting sexual harassment and discrimination in the workplace in violation of Title VII. (*Id.* at 1-13.) On June 3, 2019, Mr. Sheaffer filed a motion to dismiss arguing, *inter alia*, that he is an improper party against whom administrative remedies have not been exhausted. (Doc. 14.) On October 22, 2019, the Court ordered simultaneous supplemental

briefing to address whether allowing Plaintiff to file an amended complaint substituting PARC Dispensary for Jeff Scheaffer as Defendant would comply with Federal Rule of Civil Procedure 15(c)(1)(C). The matter is now ripe.

## II. Legal Standard

Before a district court may review a Title VII claim against a defendant, a plaintiff must exhaust his or her administrative remedies by filing a charge against that defendant with the EEOC or an equivalent agency and receiving a right to sue letter. *Barron v. Ashcroft*, 358 F. 3d 674, 677 (9th Cir. 2004); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). Failure to exhaust remedies against a party normally will result in dismissal without prejudice. *In re Turner*, 101 F.3d 1323 (9th Cir. 1996). A plaintiff may amend his or her complaint to change the party to the proper party against whom administrative remedies have been exhausted such that the amendment relates back to the date of the original pleading under Rule 15(c)(1)(C). Fed. R. Civ. P. 15(c)(1)(C). Pursuant to Rule 15(c)(1)(C), such amendment is proper if, within the period provided by Rule 4(m) for service of summons, the party to be brought in (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *Id.*

## III. Analysis

It is undisputed that Plaintiff's EEOC charge was against PARC Dispensary and that his right to sue letter pertained to that entity. However, Plaintiff named Mr. Scheaffer—against whom Plaintiff has not exhausted administrative remedies—as the defendant in the instant action. Consequently, Plaintiff's complaint against Mr. Scheaffer must be dismissed without prejudice because Plaintiff has not exhausted administrative remedies as to this defendant.

However, the Court will grant Plaintiff leave to amend his complaint to name PARC Dispensary as the proper party pursuant to Rule 15(c)(1)(C) because PARC Dispensary received sufficient notice of the action that it will not be prejudiced by such an

amendment, and knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Indeed, PARC Dispensary was named as the only defendant in the EEOC charge leading up to this action, counsel for PARC Dispensary is also counsel for Mr. Sheaffer, the summons in this matter was delivered to PARC Dispensary's address, and PARC Dispensary is named in parenthesis next to Mr. Sheaffer as Defendant in the caption of Plaintiff's complaint. Moreover, PARC Dispensary was aware that Plaintiff was proceeding pro se and should have known that Plaintiff's naming of Defendant as "Jeff Scheaffer (PARC Dispensary)" was likely a mistake due to lack of legal knowledge. Plaintiff has since confirmed that he believed that "Jeff Shaeffer (sic) was PARC Dispensary and they were one and the same. . . This was a mistake on [Plaintiff's] part."[1] (Doc. 28 at 3.) Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 14) is **GRANTED**. Plaintiff's complaint against Jeff Scheaffer is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint[2] naming PARC Dispensary as the defendant by no later than **December 6, 2019**. Should Plaintiff fail to file an amended complaint by this deadline, the Clerk of Court is directed to terminate the case without further order of the Court.

//

//

//

---

[1] Counsel for Mr. Sheaffer and PARC Dispensaries contends that the requirements of Rule 15(c)(1)(C) have not been met, because Plaintiff's service of summons was untimely under Rule 4(m). (Doc. 27 at 3.) However, a district court has broad discretion to extend the time for service. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). Here, the Court exercised such discretion and granted Plaintiff an extension of 45 days. (Doc. 12.) The Court recognizes that its order granting the extension was ambiguous regarding the new deadline for service. An extension of 45 days from the original service deadline would have created a new deadline of May 10, 2019. An extension of 45 days from the date the order was issued would result in a May 17, 2019 deadline. Service was executed on May 12, 2019. (Doc. 13.) If the Court were to adopt the first interpretation, service was executed two days late. In contrast, if the Court adopts the second interpretation, service was timely. The Court resolves the ambiguity in pro se Plaintiff's favor and adopts the second interpretation. Even if the first interpretation were proper, the Court would be willing, in its discretion, to grant a retroactive extension of two days.

[2] The amended complaint must meet the pleading standards under Federal Rule of Civil Procedure 8(a). Plaintiff may not simply attach his complaint with the EEOC.

1 **IT IS FURTHER ORDERED** that all remaining motions are denied as moot.

Dated this 6th day of November, 2019.

Douglas L. Rayes
United States District Judge