**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christerphor Ziglar, | No. CV-18-04896-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Parc Dispensary, | |
| Defendant. | |

Before the Court are Parc Dispensary's ("Parc") motion to dismiss (Docs. 44, 48, 54) and Plaintiff's motion to amend (Docs. 49, 57). The Court will grant Parc's motion to dismiss and deny Plaintiff's motion to amend.

The Court previously gave Plaintiff the opportunity to amend his complaint to address deficiencies. (Doc. 30.) However, as Parc's motion to dismiss underscores, Plaintiff's amended complaint fails to abide by Federal Rule of Civil Procedure 8(a)(2), neglecting to include a "short and plain statement of the claim showing that the pleader is entitled to relief" such that Parc may be on "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, Plaintiff's threadbare amended complaint contains no facts to support the allegation that Parc retaliated against him by terminating his employment in violation of Title VII. As a result, his amended complaint fails to state a claim, and Parc's motion to dismiss is granted.

Recognizing his failure to abide by the Federal Rules of Civil Procedure, Plaintiff moves for leave to file a second amended complaint. (Doc. 49.) Plaintiff's proposed second amended complaint (Doc. 49 at 2) similarly does not comply with the Federal Rules of Civil Procedure, despite the Court's repeated efforts to direct Plaintiff to the rules. The second amended complaint does not state the law under which he believes he is entitled to relief, name the entity he is suing, or include various other crucial details. (*Id.*) In light of Plaintiff's "repeated failure to cure deficiencies by previous amendments," the Court will deny his motion to file second amended complaint. *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir 1995)). Even considering the leniency given to *pro se* litigants, Plaintiff was nevertheless required to familiarize himself with the rules and abide by them accordingly. Plaintiff's recurring failure to do so has allowed this case to sluggishly carry on for years, during which time the Court has expended valuable time and resources to address his non-compliance.

**IT IS ORDERED** that Parc's motion to dismiss (Doc. 44) is **GRANTED** and Plaintiff's motion to amend (Doc. 49) is **DENIED**. The Clerk of Court is directed to terminate all pending motions, enter judgment in favor of Parc, and close the case.

Dated this 20th day of March, 2020.

Douglas L. Rayes
United States District Judge