**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christerphor Ziglar,<br><br>  Plaintiff,<br><br>v.<br><br>PARC Dispensary,<br><br>  Defendant. | No. CV-18-04896-PHX-DLR<br><br>**ORDER** |

At the termination of a case brought pursuant to Title VII, an award of attorneys' fees to the defendant "should be permitted not routinely, not simply because [the defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless[1] or vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (citation and internal quotations omitted). Defendant moves for an award of attorneys' fees, arguing that a fee award is appropriate because the Court dismissed Plaintiff's complaint with prejudice after Plaintiff's repeated failure to abide by the Federal Rules of Civil Procedure, cure his complaint's deficiencies, and state a claim upon which relief could be granted. (Doc. 60 at 5-6.) The Court has considered the briefs (Docs. 60, 61, 65) and concludes no exceptional circumstance justifying an award of attorneys' fees to Defendant is present here.

The Court cannot conclude that Plaintiff's claim was unreasonable, frivolous,

---

[1] Meritless, in this context, is defined as "groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Christiansburg*, 434 U.S. at 421.

meritless, or vexatious. Plaintiff's failure, proceeding pro se, to comply with the Federal Rules of Civil Procedure is not in-and-of-itself evidence that his claims were frivolous. Further, contrary to Defendant's contention, Plaintiff's decision to file an amended complaint rather than "allow[] this case to terminate," after the Court dismissed Plaintiff's complaint without prejudice and permitted Plaintiff to amend, does not render Plaintiff's subsequent filings vexatious. Finally, Plaintiff's later filings, primarily his single motion for sanctions and motion for default judgment following ineffective service, are not so harassing or inappropriate as to justify an award of fees to Defendant. Accordingly,

**IT IS ORDERED** that Defendant's motion for attorneys' fees (Doc. 60) is **DENIED**.

Dated this 1st day of May, 2020.

Douglas L. Rayes
United States District Judge