**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christerphor Ziglar,<br><br>              Plaintiff,<br><br>v.<br><br>Parc Dispensary,<br><br>              Defendant. | No. CV-18-04896-PHX-DLR<br><br>**ORDER** |

   This order resolves eight motions filed by Plaintiff Christerphor Ziglar. (Docs. 81, 83, 85, 86, 96, 97, 98, 109.)

**I.    Motions to strike**

   Mr. Ziglar moves to strike Defendant Parc Dispensary's[1] ("PARC") answer to the second amended complaint, then moves to amend that motion to strike, and submits an amended motion to strike. (Docs. 85, 97, 98.) The first motion to strike asks the Court to strike PARC's answer under Federal Rule of Civil Procedure ("FRCP") 12(f) because "Parc's defense and allegations have no possible relation to the controversy and only serve confuse the issues, waist (sic) the court resources and cause injury to Mr. Ziglar with scandalous, defamatory and needless details." (Doc. 85 at 1.) Not so. A defendant may deny allegations levied against it in a complaint, so long as a good-faith basis for the denial exists. FRCP 8(b)(1)(B). And, a defendant may raise affirmative defenses when answering

---

[1] Defendant contends its proper name is Patient Alternative Relief Center ("PARC") but nevertheless answered under the erroneous name PARC Dispensary. (Doc. 77.)

a complaint. FRCP 12(b). Mere disagreement with denials or defenses does not entitle a plaintiff to strike an answer. *See* FRCP 12(f). The same motion also asks for summary judgment, but Plaintiff has not submitted incontrovertible evidence rising to the level at which he would be entitled to summary judgment. The motion is denied, as are the motions to amend and the amended motion to strike, both of which suffer from the same infirmities.

## II.   Motions related to default judgment

Mr. Ziglar moves for default judgment, arguing that although PARC timely filed an answer, it did not timely serve a copy of the answer on him. (Doc. 81.) Relatedly, Mr. Ziglar moves to compel PARC to provide evidence that it timely mailed a copy of the answer to him. (Doc. 83.) For starters, PARC admits it untimely served the answer, so the motion to compel is moot. (Doc. 89.) Next, the Clerk of the Court has not entered default against PARC, a predicate for seeking default judgment under FRCP 55(b)(2), so any motion for default judgment is premature. And in any event, "default may not be entered once a defendant has answered." *Wofford v. Bracks*, CV 15-1052-GW (SP), 2015 WL 10793981, at *1 (C.D. Cal. Aug. 13, 2015). This is so even if the defendant files its answer late. *See Id.* ("That the answers were filed late is irrelevant, since they were filed before plaintiff's application for entry of default."). Mr. Ziglar's motions are denied.

## III.   Motions related to submitting evidence

Mr. Ziglar seeks leave to file new evidence and asks the Court to transfer "all previous submitted evidence filed during the first complaint be transferred over to the amended complaint." (Doc. 86.) The Court construes this motion as a motion for leave to amend the second complaint. Because Mr. Ziglar did not attach a proposed amended complaint as required by Local Rule 15.1(a), the motion is denied. In a later motion, Mr. Ziglar reprises this request—which is denied for the same reason as before—and also moves for leave to supplement his amended motion to strike and motion for summary judgment. But the Court has already denied the motion to strike and motion for summary judgment, so the request to supplement is moot; besides, Mr. Ziglar did not attach the supplemental evidence. If Mr. Ziglar wants to amend his complaint to include additional

information and exhibits, he may file a motion for leave to amend in a manner that complies with Local Rule 15.1(a).

### IV.  Motion to exclude witness

Mr. Ziglar asks the Court to exclude Justin Schaeffer from testifying, apparently on a theory that Mr. Schaeffer lacks credibility.  If Mr. Ziglar wishes to attack Mr. Schaeffer's credibility, he may do so on cross-examination.  But this is no basis for excluding a potential witness from offering testimony.

### V.  Conclusion

Over two years ago, the Court admonished Mr. Ziglar to "familiarize himself with the rules and abide by them accordingly."  (Doc. 58 at 2.)  As explained in this order, Mr. Ziglar's recent filings largely fail to comport with the Federal and Local Rules.  The Court again admonishes Mr. Ziglar that, although he is proceeding without an attorney, he has an obligation to familiarize himself with and abide by the rules of procedure.  The Court directs Mr. Ziglar to the following URLs, where he can access and consult the relevant rules:

- Federal Rules of Civil Procedure: https://www.uscourts.gov/sites/default/files/federal_rules_of_civil_procedure_-_december_2020_0.pdf.
- Local Rules of Civil Procedure: https://www.azd.uscourts.gov/sites/default/files/local-rules/LRCiv%202021.pdf.
- Handbook for Self-Represented Litigants: https://www.azd.uscourts.gov/handbook-self-represented-litigants.

**IT IS ORDERED** that Mr. Ziglar's motion for default judgment (Doc. 81), motion to compel (Doc. 83), motion to strike answer and motion for summary judgment (Doc. 85), motion to file exhibits and transfer all exhibits to the second amended complaint (Doc. 86), motion for leave to file evidence (Doc. 96), motion to amend motion to strike and motion for summary judgment (Doc. 97), amended and supplemental motion to strike (Doc. 98), and motion to strike witnesses (Doc. 109) are **DENIED**.  If Mr. Ziglar wishes to

supplement his second amended complaint with additional allegations and exhibits, he may file a motion for leave to amend in a manner that complies with Local Rule 15.1(a).

Dated this 22nd day of June, 2022.

Douglas L. Rayes
United States District Judge