**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christerphor Ziglar,<br><br>        Plaintiff,<br><br>v.<br><br>Parc Dispensary,<br><br>        Defendant. | No. CV-18-04896-PHX-DLR<br><br>**ORDER** |

Pending before the Court are both party's motions for summary judgment and Plaintiff Christerphor Ziglar's motion for leave to amend his second amended complaint, which are fully briefed. (Docs. 133-36, 138-39, 141.) For the following reasons, the Court denies Ziglar's motions for summary judgment and leave to amend but grants PARC's motion for summary judgment.

**I. Background**

Starting in 2014, Ziglar worked as a security guard at Defendant PARC dispensary. (Doc. 133-1 at 3.) His performance during 2014 raised no issues. (Doc. 133-1 at 3.) As late as November 2, 2015, Jeffery Lerner—PARC's general manager—raised concerns with Ziglar about his use of paid time off ("PTO"). (*Id.* at 10.) The next day, Ziglar entered Lerner's office and "stated that Jessica [another PARC employee] was terminated as part of a coverup, because she had made an allegation of sexual harassment." (*Id.* at 4.) Lerner replied that as general manager, he had an obligation to investigate such allegations. (*Id.*)

1  Zigler replied "Don't say anything. It doesn't matter anyway you['re] not going to last
2  long," and left the office. (*Id.*)

3  A week later, Ziglar asked Lerner to sign off on a PTO request. Lerner declined for
4  the moment, stating that he needed to confer with Ziglar's direct supervisor, Mike, before
5  approving the request. (*Id.* at 10.) Lerner eventually denied the PTO request. Ziglar, in
6  response, alleged that Mike discriminated against him. (*Id.* at 11.) Lerner's report, which
7  constitutes the bulk of the background, since both parties submitted it as evidence, did not
8  include the basis on which the discrimination allegation was made.

9  The PTO requests and discrimination allegations remained unresolved to Ziglar's
10 satisfaction. (*Id.* at 12.) Lerner, Mike, and Ziglar had a conversation again on November
11 17, 2015. The conversation turned into an argument, and Mike sent Ziglar home for the
12 rest of the day without pay. (*Id.*)

13 Executive Director Jeff Scheaffer attempted unsuccessfully to contact Ziglar on his
14 cell phone. (*Id.* at 5.) Eventually, the independent contractor that handled PARC's HR
15 matters investigated the PTO disagreement and invited Ziglar to return to work under the
16 same managers. (*Id.*) Ziglar declined, and he was offered a severance package with
17 severance pay of six weeks of wages, provided that he sign a release. (*Id.*) Ziglar initially
18 accepted the severance package but then reneged and never picked up the check for his
19 severance pay. (*Id.*)

20 Ziglar phoned Scheaffer on November 25, 2015, asking "Why am I fired." (*Id.* at
21 6.) Schaffer explained that Ziglar had been fired because he not reported to work for eight
22 days, and Scheaffer concluded that Ziglar had abandoned his position and fired him. (*Id.*)
23 Ziglar thereafter filed a complaint against PARC and Scheaffer, alleging unlawful
24 retaliation. Ziglar later filed an amended complaint naming PARC as the sole defendant.
25 (Doc. 31.) Scheaffer is no longer a party to this litigation.

26 **II. Cross-Motions for Summary Judgment**

27 When parties submit cross-motions for summary judgment, the Court must consider
28 each motion on its own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside*

*Two*, 249 F. 3d 1132, 1136 (9th Cir. 2001). Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted). Even where there are some factual issues raised, summary judgment is appropriate if the totality of the undisputed facts is such that reasonable minds could not differ on the resolution of the factual question. *Chesney v. United States*, 632 F. Supp. 867, 869 (D. Ariz. 1985).

The *McDonnell Douglas*[1] burden-shifting framework applies to retaliation claims. *Brown v. City of Tucson*, 336 F.3d 1181, 1186 (9th Cir. 2003). To make a prima facie case of retaliation, a plaintiff must present evidence showing: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Brown Id.* at 1187 (citation and quotation marks omitted). A plaintiff must offer "evidence

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (citation, internal punctuation, and emphasis omitted). Retaliation claims require a "causation in fact," meaning they are governed by a "but-for" causation standard. *University of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Ziglar makes out a prima facie case on the strength of evidence initially submitted by PARC. In a report summarizing encounters with Ziglar, Jeff Lerner notes that Ziglar complained to him on November 3, 2015 about another employee being sexually harassed and on November 13, 2015 that his supervisor was discriminating against him. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (complaining about the treatment of others qualifies as a protected activity). (Doc. 133-1 at 4, 7.) He presented evidence that he suffered an adverse employment action—he was "fired." (Doc. 133-1 at 10.) And the adverse employment action occurred less than a month after Ziglar engaged in the protected activity, raising an inference of causality. *Ramirez v. Mitel (Delaware) Inc.*, No. CV-16-00029-PHX-DGC, 2017 WL 770010, at *7 (D. Ariz. Feb. 28, 2017) (noting that inference of causality arises when temporal proximity is less than three months).

With the prima facie case made, the burden then shifts to the employer to advance "legitimate, non-retaliatory reasons for any adverse actions taken" against the employee. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464-65 (9th Cir. 1994). "This burden is one of production, not persuasion; it can involve no credibility assessment." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (citation and internal quotation marks omitted). PARC explains that it fired Ziglar because he did not show up to work for eight days. (Doc. 133-1 at 5-6.) This satisfies its burden.

Because PARC provided evidence of a non-retaliatory reason for its action, the burden returns to Ziglar, who must show that the PARC's reason is pretextual. *Reeves*, 530 U.S. at 142. An employee may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty.*

*Affairs v. Burdine*, 450 U.S. 248, 256 (1981). "To show pretext using circumstantial evidence, a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's motive." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004).

To prove pretext, Ziglar relies on his prima facie case and asserts that the Lerner notes were not made contemporaneously but were instead drafted several months after the termination with an eye toward defending PARC from liability, not from attempting to summarize what actually transpired between Ziglar and Lerner. This is not enough. For starters, Ziglar submits the report as evidence and relies on it to prove his prima facie case. In fact, without the report itself, Ziglar would not have presented enough evidence to establish a prima facie case. Ziglar can't point to the later drafting of the report and at the same time use it as the sole evidentiary basis for his prima facie case. As for his prima facie case, it was established by implication, resting on the temporal proximity between the protected activity and the adverse employment action. This is not "specific or substantial" evidence that "overcome[s] the legitimate reasons put forth by" PARC. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 659 (9th Cir. 2002). PARC therefore is entitled to summary judgment because there is insufficient evidence for a jury to reasonably infer that PARC's stated reason for terminating Ziglar was a pretext for unlawful retaliation,

**III. Motion for Leave to Amend**

Ziglar filed his motion to amend his complaint (for a third time) on August 16, 2022, months after the April 30, 2022 deadline for amending pleadings had passed, and over a month after the close of discovery. (Doc. 107 at 1.) Once the Court issues a scheduling order, those deadlines control unless good cause supports an amendment to the order. Fed. R. Civ. P. 16(b)(4). Good cause exists when deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where that party has not been diligent, the inquiry ends

1 and the motion to amend is denied. *Id.* Only if good cause supports deviation from the scheduling order will the Court then assesses the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. Fed. R. Civ. P. 15(a)(2); *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Ziglar's motion does not address diligence. Nor does it attach a proposed amended pleading as required by Local Rule 15.1. In his response to PARC's motion for summary judgment, Ziglar states that he "excluded" harassment and hostile work environment claims "out of ignorance and inexperience." He thereafter recites facts he already presented in his second amended complaint that purport to support the harassment and hostile work environment claims. Ignorance, then, seems to be ignorance of the "legal significance of [already known] evidence," not ignorance of the underlying facts themselves. *Donges v. USAA Fed. Sav. Bank*, No. CV-18-00093-TUC-RM, 2019 WL 1557533, at *2 (D. Ariz. Apr. 10, 2019). This does not amount to good cause. *See id.* (denying a self-represented litigant's motion for leave to amend the complaint filed one month after the deadline to amend pleadings had passed and noting that the plaintiff had all the relevant facts in position since at least the end of discovery).

**IV. Conclusion**

No genuine disputes of material facts exist as to Ziglar's retaliation claim, and PARC is entitled to judgment as a matter of law. Ziglar has not shown good cause for a late amendment to his complaint.

**IT IS ORDERED** that Ziglar's motion for summary judgment (Doc. 134) is **DENIED**.

**IT IS FURTHER ORDERED** that Ziglar's motion for leave to amend his second amended complaint (Doc. 135) is **DENIED**.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that PARC's motion for summary judgment (Doc. 133) is **GRANTED**. The clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 14th day of March, 2023.

Douglas L. Rayes
United States District Judge